Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
Tel: (323) 988-2400
Fax: (866) 861-1390
IEISHA FLOYD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | |
|---|---|
| IEISHA FLOYD, <br><br> Plaintiff, <br><br> v. <br><br> CHASE BANK USA, N.A., <br><br> Defendant. | Case No.: **'14CV2430 W    MDD** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

LEISHA FLOYD (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against CHASE BANK U.S.A., N.A. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business and is principally located in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Santee, San Diego County, California.

7. Defendant is a business entity with offices located throughout the country, including an office in New York, New York.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Upon information and belief, Plaintiff does not owe the debt Defendant is attempting to collect.

11. Defendant places collection calls from telephone numbers, including, but not limited to, 877-287-7303.

12. Defendant places collection calls to Plaintiff's cellular telephone at phone number 619-322-00XX.

13. In or around May of 2014, Defendant began placing collection calls to Plaintiff on her cellular telephone, attempting to contact Plaintiff's stepdaughter.

14. .Per its prior business practices, each of these collection calls were placed using an

automatic telephone dialing system.

15. Plaintiff does not have any business dealings with Defendant, did not at any time provide Defendant with her cellular telephone number, nor did Plaintiff at any time provide consent for Defendant to place calls to her cellular telephone using an automated telephone dialing system.

16. On numerous occasions, Plaintiff spoke to Defendant, informed Defendant that she was not the individual Defendant was attempting to contact, and requested that Defendant cease placing collection calls to her cellular telephone.

17. Despite Plaintiff's insistence that Defendant is calling the wrong person, Defendant continued to place at least sixty-four (64) calls to Plaintiff, including but not limited to calls at the following approximate dates and times:

- July 5, 2014: one (1) call;
- July 6, 2014: one (1) call;
- July 7, 2014: one (1) call;
- July 8, 2014: one (1) call;
- July 9, 2014: one (1) call;
- July 10, 2014: one (1) call;
- July 12, 2014: one (1) call;
- July 13, 2014: one (1) call;
- July 14, 2014: one (1) call;
- July 15, 2014: one (1) call;
- July 16, 2014: one (1) call;
- July 17, 2014: one (1) call;
- July 18, 2014: one (1) call;
- July 19, 2014: one (1) call;

- July 20, 2014: two (2) calls;
- July 21, 2014: two (2) calls;
- July 22, 2014: two (2) calls;
- July 23, 2014: two (2) calls;
- July 24, 2014: four (4) calls;
- July 26, 2014: three (3) calls;
- July 27, 2014: four (4) calls;
- July 29, 2014: three (3) calls;
- July 31, 2014: one (1) call;
- August 2, 2014: one (1) call;
- August 3, 2014: two (2) calls;
- August 10, 2014: one (1) call;
- August 11, 2014: one (1) call;
- August 14, 2014: five (5) calls;
- August 17, 2014: two (2) calls;
- August 18, 2014: one (1) call;
- August 21, 2014: four (4) calls;
- August 23, 2014: one (1) call;
- August 24, 2014: five (5) calls;
- August 26, 2014: one (1) call;
- August 28, 2014: one (1) call;
- August 30, 2014: one (1) call;
- August 31, 2014: one (1) call

## COUNT I
### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT

18. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, IEISHA FLOYD, respectfully requests judgment be entered against Defendant, CHASE BANK U.S.A., N.A. for the following:

20. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

21. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

22. All court costs, witness fees and other fees incurred; and

23. Any other relief that this Honorable Court deems appropriate.

## COUNT II
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25. Defendant violated the RFDCPA based on the following:

    a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with

PLAINTIFF'S COMPLAINT
- 5 -

Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq*., to wit:

1. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

2. Defendant violated §1692d(6) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

WHEREFORE, Plaintiff, IEISHA FLOYD, respectfully requests judgment be entered against Defendant, CHASE BANK U.S.A., N.A. for the following:

26. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

27. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

28. Any other relief that this Honorable Court deems appropriate.

DATED: October 10, 2014

RESPECTFULLY SUBMITTED,
KROHN & MOSS, LTD.

By: /s/<u>Ryan Lee</u>
Ryan Lee
Attorney for Plaintiff

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, IEISHA FLOYD, demands a jury trial in this case.